**Timothy PIGFORD, et al., Plaintiffs,**

v.

**Ann VENEMAN, Secretary, United States Department of Agriculture, Defendant.**

**Cecil Brewington, et al., Plaintiffs,**

v.

**Ann Veneman, Secretary, United States Department of Agriculture, Defendant.**

**Nos. CIV.A.97–1978 PLF, CIV.A.98–1693 PLF.**

United States District Court, District of Columbia.

Jan. 15, 2003.

Jacob A. Stein, Stein, Mitchell & Mezines, Washington, DC, Alexander John Pires, Jr., Conlon, Frantz, Phelan & Pires, Washington, DC, David A. Branch, Washington, DC, Anthony Herman, Covington & Burling, Washington, DC, Richard Talbot Seymour, Lieff, Cabraser, Heimann & Bernstein, LLP, Washington, DC, J.L. Chestnut, Jr., Chestnut, Sanders, Sanders, Pettaway, Campbell & Albright, Selma, AL, for Timothy C. Pigford.

Jacob A. Stein, Stein, Mitchell & Mezines, Washington, DC, Alexander John Pires, Jr., Conlon, Frantz, Phelan & Pires, Washington, DC, David A. Branch, Washington, DC, Anthony Herman, Covington & Burling, Washington, DC, John Michael Clifford, Mona Lyons, Clifford, Lyons & Garde, Washington, DC, Richard Talbot Seymour, Lieff, Cabraser, Heimann & Bernstein, LLP, Washington, DC, for Lloyd Shafer.

Caroline Lewis Wolverton, U.S. Dept. of Justice, Washington, DC, Jacob A. Stein, Stein, Mitchell & Mezines, Washington, DC, Alexander John Pires, Jr., Conlon, Frantz, Phelan & Pires, Washington, DC, David A. Branch, Washington, DC, Anthony Herman, Covington & Burling, Washington, DC, Richard Talbot Seymour, Lieff, Cabraser, Heimann & Bernstein, LLP, Washington, DC, for George Hall.

Jacob A. Stein, Stein, Mitchell & Mezines, Washington, DC, Alexander John Pires, Jr., Conlon, Frantz, Phelan & Pires, Washington, DC, David A. Branch, Washington, DC, Anthony Herman, Covington & Burling, Washington, DC, Marcus B. Jimison, Durham, NC, Stephon J. Bowens, Durham, NC, for Leonard Cooper.

Alexander John Pires, Jr., Conlon, Frantz, Phelan & Pires, Washington, DC, David A. Branch, Washington, DC, Anthony Herman, Covington & Burling, Washington, DC, Phillip L. Fraas, Washington, DC, for Abraham Carpenter.

Stephon J. Bowens, Durham, NC, for Houston Blakeney, Reatha Blakeney, Leroy Robinson, Bobbi Newton, Pearlie Peterson, Naomi Knockett, Ilenthe Porter, James Davis, Sandy McKinnon.

Michael Sitcov, Terry M. Henry, Elizabeth Goitein, U.S. Dept. of Justice, Civ. Div., Washington, DC, for Ann M. Venerman.

Wyndell Oliver Banks, Washington, DC, for Banks Law Firm.

Randi Ilyse Roth, St. Paul, MN, pro se.

David A. Branch, Washington, DC, for Law Office of David A. Branch.

John Wesley Davis, Washington, DC, James W. Myart, Jr., Law Offices of James W. Myart, Jr. & Associates, San Antonio, TX, for Thomas Burrell.

Gerard Robert Lear, Arlington, VA, for Ben Hillsman, Jr., Antonio Santos, Clinton R. Martin, Zelma J. Hillsman.

Jacob A. Stein, Stein, Mitchell & Mezines, Washington, DC, Alexander John Pires, Jr., Conlon, Frantz, Phelan & Pires, Washington, DC, David A. Branch, Washington, DC, Anthony Herman, Covington & Burling, Washington, DC, Richard Talbot Seymour, Lieff, Cabraser, Heimann & Bernstein, LLP, Washington, DC, for McArthur Nesbit, Eddie Slaughter, Leo Jackson, J.B. Black, Lucious Abrams, Jr., Griffin Todd, Sr., Gregory Erves, Cecil Brewington, Herbert L. Skinner, Sr., Obie L. Beal, Clifford Lovett.

J.L. Chestnut, Jr., Chestnut, Sanders, Sanders, Pettaway, Campbell & Albright, Selma, AL, for George Barr Griffin.

Dennis Charles Sweet, Lanston, Frazer, Sweet & Freese, Jackson, MS, for Sarah Davis.

Ford C. Ladd, Alexandria, VA, for James Tanner.

Evelyn M. Coleman, Hazlehurst, MS, pro se.

Willie S. Maymon, Rolling Fork, MS, pro se.

Colie Dixon, Sr., Georgetown, MS, pro se.

L.D. Maymon, Hazlehurst, MS, pro se.

Lois S. Clark, Wesson, MS, pro se.

Curtis Dixon, Jackson, MS, pro se.

Linda Catching, Hazlehurst, MS, pro se.

Henry A. Vaughn, Hazlehurst, MS, pro se.

Floria A. Vaughn, Hazlehurst, MS, pro se.

Marilynn Stewart, Jackson, MS, pro se.

Ezra McNair, Crystal Springs, MS, pro se.

Grover Miller, Georgetown, MS, pro se.

Geraldstine Miller, Georgetown, MS, pro se.

Larry D. Barnes, Harrisville, MS, pro se.

Edith Lomax-Barnes, Crystal Springs, MS, pro se.

Daryl Brentr, Pinola, MS, pro se.

Curtis Dixon, Jackson, MS, pro se.

Harold B. Dixon, Hazlehurst, MS, pro se.

Velma J. Collins, Hazlehurst, MS, pro se.

## MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

By Order of December 30, 2002, the Court directed defendant to pay $500,000 to Alexander Pires (on behalf of Class Counsel and Of Counsel) by January 10, 2003 for attorneys' fees and costs incurred in implementation of the Consent Decree in this case. *See* Memorandum Opinion and Order, December 30, 2002 at 5. An Amended Memorandum Opinion and Order was issued on January 14, 2003.

Defendant has filed a motion for an extension of time until March 11, 2003 to make this payment, asserting that defendant is logistically unable to make payment by the now-expired January 10, 2003 deadline and that defendant requires additional time to consider whether to appeal the Court's decision before even submitting the request for payment to the Treasury Department Judgment Fund. Class Counsel opposes defendant's motion for extension of time, arguing that defendant seeks only to inflict financial harm on

Class Counsel by delaying a payment that is inevitable and risks no serious prejudice to defendant. Furthermore, Class Counsel notes that because defendant admittedly has not yet submitted a request to the Judgment Fund, it is evident that defendant will not be able to comply with any reasonable deadline regardless of the Court's ruling on defendant's motion for extension of time. Defendant has filed a reply, addressing each of plaintiffs' arguments.

Despite the many points of contention raised at the status conference on December 11, 2002, the parties appear to agree that plaintiffs' counsel are entitled to be paid *something* for their work and that the attorneys' fees and costs sought by Class and Of Counsel now and in the future will amount to at least $1.6 million. *See* Amended Memorandum Opinion and Order at 2–3. In addition, the Court has noted that the potential sanctions to be imposed on Class Counsel likely will not exceed $308,000. *See id.* at 4. It is inconceivable that the Court would disallow as much as $792,000 of the fees sought based on poor record keeping, unreasonable hourly rates or too many hours (or too many lawyers) spent on a given task. Thus, the government cannot be harmed by the interim payment ordered by the Court. It is equally inconceivable, in the Court's judgment, that the Solicitor General would authorize an appeal of this Court's decision in this matter and for that reason (among others) that the Court would enter a stay pending appeal (or pending a decision by the government whether to appeal). It would be a more fruitful expenditure of time, as the Court suggested in both its original and its Amended Memorandum Opinion and Order, for the government to continue to work through the mediator toward negotiation of a final fee amount and a final sanctions amount; indeed, the representations made by Class Counsel at the December 11 status conference suggest a great deal of flexibility with respect to such a negotiated resolution. Nevertheless, recognizing that it will take some time for a request to the Judgment Fund to be approved, it is hereby

ORDERED that defendant's motion for extension of time [729] is GRANTED IN PART and DENIED IN PART *nunc pro tunc*; it is

FURTHER ORDERED that defendant shall submit a request to the Judgment Fund by January 22, 2003 to effectuate prompt payment in compliance with this Court's Amended Memorandum Opinion and Order regardless of any internal consideration of a possible appeal of the payment provision of the Court's order and the possible request for a stay of that provision pending appeal; it is

FURTHER ORDERED that defendant shall pay Class Counsel Alexander Pires in the amount of $500,000 for implementation fees and costs no later than February 12, 2003. Class and Of Counsel who have submitted implementation fee requests shall divide this payment among themselves as they deem appropriate and Mr. Pires shall report to the Court as to when and how the division and payments have been made; and it is

FURTHER ORDERED that compliance with this Order shall not deprive defendant of any otherwise available right to appeal the Court's Amended Memorandum Opinion and Order, in whole or in part.

SO ORDERED.